

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, 7ᵗʰ floor*     *973-645-2700*
*Newark, New Jersey 07102*

NKP/HH/PL AGR
2024R00327

**RECEIVED**

August 1, 2024     SEP 25 2024

AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

Laura C. Sayler
Assistant Federal Public Defender
Office of the Federal Public Defender
District of New Jersey
1002 Broad Street
Newark, New Jersey 07102

Re:    <u>Plea Agreement with Tatiana Amatelli</u>    24-CR-609 (ZNQ)

Dear Ms. Sayler:

This letter sets forth the plea agreement between your client, Tatiana Amatelli ("Amatelli"), and the United States Department of Justice, Criminal Division, Fraud Section and the U.S. Attorney's Office for the District of New Jersey (collectively, "this Office"). This offer will expire on August 2, 2024, if it is not accepted in writing by that date. If Amatelli does not accept this plea agreement, her sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from Amatelli to a one-count Information charging her with conspiracy to (a) unlawfully distribute, and possess with the intent to distribute, controlled substances and (b) obtain possession of controlled substances by misrepresentation, fraud, forgery, deception, or subterfuge, in violation of 21 U.S.C. § 846. If Amatelli enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Amatelli related to her unlawful possession and distribution of controlled substances from December 2019 to May 2024 or the conduct referenced in Schedule A to this agreement.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain

in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Amatelli even if the applicable statute of limitations period for those charges expires after Amatelli signs this agreement, and Amatelli agrees not to assert that any such charges are time-barred.

<u>Sentencing</u>

The violation of 21 U.S.C. § 846 to which Amatelli agrees to plead guilty carries a statutory maximum prison sentence of 20 years' imprisonment and a statutory maximum fine of $1,000,000. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Amatelli is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551–3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Amatelli ultimately will receive.

Further, in addition to imposing any other penalty on Amatelli, the sentencing judge as part of the sentence:

(1)     will order Amatelli to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2)     may order Amatelli to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*;

(3)     may order Amatelli, pursuant to 18 U.S.C. § 3555, to give reasonable notice and explanation of the conviction to any victims of her offense;

(4)     must order forfeiture, pursuant to 28 U.S.C. § 2461 and 21 U.S.C. § 853;

(5)     may deny Amatelli certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a; and

(6)     pursuant to 21 U.S.C. 841, must require Amatelli to serve a term of supervised release of at least 3 years, which will begin at the expiration of any term of imprisonment imposed. If Amatelli has a prior conviction, the sentencing judge must impose a term of supervised release of at least 6 years in addition to any term of imprisonment imposed. Should Amatelli be placed on a term of supervised release and subsequently

violate any of the conditions of supervised release before the expiration of its term, Amatelli may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

## Restitution

Pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, Amatelli agrees to pay full restitution to the victims of the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense in an amount that fully compensates the victims for the losses sustained as a result of those offenses.

## Forfeiture

As part of Amatelli's acceptance of responsibility and pursuant to 21 U.S.C. § 853, Amatelli agrees to forfeit to the United States any and all property constituting or derived from any proceeds Amatelli obtained, directly or indirectly, as the result of the violation charged in the Information, and all of Amatelli's right, title, and interest in any property that was used or intended to be used, in any manner or part, to commit, and to facilitate the commission of, the violation charged in the Information.

Amatelli further agrees that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; entitling the United States to forfeit substitute assets equal to the value of the proceeds obtained by Amatelli (the "Money Judgment"). Amatelli consents to the entry of an order requiring Amatelli to pay the Money Judgment and agrees that such Order will be final as to Amatelli prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets. Any forfeited money and the net proceeds from the sale of forfeited specific property will be applied to the Money Judgment, in partial satisfaction thereof.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating Amatelli's full name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Recovery and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102. Amatelli further agrees that the United States Attorney's Office may conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute

assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

Amatelli waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Fed. R. Crim. P. 32.2(b)(4), Amatelli consents to the entry of an order of forfeiture that, in the Office's discretion, may be final as to Amatelli prior to the sentencing. Amatelli understands that criminal forfeiture pursuant to 21 U.S.C. § 853 is part of the sentence that may be imposed in this case and waives any failure by the court to advise Amatelli of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. Amatelli further understands that Amatelli has no right to demand that any forfeiture of Amatelli's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon Amatelli in addition to forfeiture.

Amatelli further agrees that, not later than the date Amatelli enters the guilty plea, Amatelli will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Amatelli fails to do so, or if this Office determines that Amatelli has intentionally failed to disclose assets on the Financial Disclosure Statement, that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

<u>Rights of This Office Regarding Sentencing</u>

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Amatelli by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Amatelli's activities and relevant conduct with respect to this case.

<u>Stipulations</u>

This Office and Amatelli will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the

parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and Amatelli waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

## Immigration Consequences

Amatelli understands that, if Amatelli is not a citizen of the United States, Amatelli's guilty plea to the charged offense will likely result in Amatelli being subject to immigration proceedings and removed from the United States by making Amatelli deportable, excludable, or inadmissible, or ending Amatelli's naturalization. Amatelli understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Amatelli wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause Amatelli's removal from the United States. Amatelli understands that Amatelli is bound by this guilty plea regardless of any immigration consequences. Accordingly, Amatelli waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Amatelli also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

## Other Provisions

This agreement is limited to this Office and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Amatelli.  So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against her.

No provision of this agreement shall preclude Amatelli from pursuing in an appropriate forum, when permitted by law, a claim that she received constitutionally ineffective assistance of counsel.

<u>No Other Promises</u>

This agreement constitutes the entire plea agreement between Amatelli and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney
District of New Jersey

GLENN S. LEON
Chief
Criminal Division, Fraud Section
U.S. Department of Justice

/s/ Hyungjoo Han

By:    HYUNGJOO HAN
NICHOLAS K. PEONE
Trial Attorneys
Criminal Division, Fraud Section
U.S. Department of Justice

APPROVED:

/s/ Thomas Tynan

THOMAS TYNAN
Assistant Chief
Criminal Division, Fraud Section
U.S. Department of Justice

I have received this letter from my attorney, Laura C. Sayler, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties.   I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.  I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:


_____                    Date:    08/01/2024
Tatiana Amatelli


I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences.  My client understands this plea agreement fully and wants to plead guilty pursuant to it.


_____                    Date:  8/1/2024
Laura C. Sayler, Esq.
Counsel for Defendant

- 7 -

<u>Plea Agreement with Tatiana Amatelli</u>

<u>Schedule A</u>

1.      This Office and Tatiana Amatelli ("Amatelli") recognize that the United States Sentencing Guidelines do not bind the sentencing judge.    Each party nevertheless agrees to these stipulations.

2.      This Office and Amatelli agree to stipulate to the following facts:

a.      Beginning at least in or around December 2019, and continuing through at least in or around May 2024, in the District of New Jersey and elsewhere, Amatelli did knowingly and intentionally conspire and agree with others to (a) unlawfully distribute, and possess with the intent to distribute, controlled substances and (b) obtain possession of controlled substances by misrepresentation, fraud, forgery, deception, or subterfuge, contrary to 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 843(a)(3), in violation of 21 U.S.C. § 846.

b.      Amatelli was a licensed practical nurse and worked at Nursing Facility 1.

c.      Beginning at least in or around December 2019, and continuing through at least in or around May 2024, Amatelli, with Co-Conspirator 1 and others, participated in a scheme to unlawfully obtain possession of a controlled substance, namely Ritalin (methylphenidate), a Schedule II controlled substance, by misrepresentation, fraud, forgery, deception, or subterfuge.

d.      Specifically, Amatelli used her position as a licensed practical nurse at Nursing Facility 1 to obtain handwritten prescriptions that other medical providers issued to patients at Nursing Facility 1. Amatelli washed the handwritten prescriptions with a solvent to remove the ink of the original prescriptions and wrote herself prescriptions for Ritalin, which she then filled using a variety of false identities.

e.      Beginning at least in or around December 2019, and continuing through at least in or around December 2023, Amatelli washed, re-wrote, and fraudulently filled approximately 164 prescriptions of Ritalin in this manner, causing 11,169 tablets each containing 20 milligrams of methylphenidate to be dispensed to Amatelli.

f.      Beginning at least in or around December 2019, and continuing through at least in or around May 2024, Amatelli, with Co-Conspirator 1 and others, also participated in a scheme to unlawfully obtain possession of and distribute oxycodone, a Schedule II controlled substance.

- 8 -

g.      Specifically, beginning at least in or around December 2019, and continuing through at least in or around May 2024, Amatelli obtained prescriptions for oxycodone from Individual 1, a medical doctor.  Amatelli sold a portion of the pills she received from Individual 1 to others.

h.      Beginning at least in or around December 2019, and continuing through at least in or around May 2024, Amatelli obtained at least 536 tablets, each containing 30 milligrams of oxycodone, from Individual 1 that she unlawfully re-sold to others.

i.      Amatelli knew or deliberately ignored the fact that she unlawfully obtained possession and unlawfully distributed or possessed with the intent to distribute controlled substances, to wit, Ritalin and oxycodone.

j.      As part of the conspiracy, Amatelli and others caused private and federal health care benefit programs, including Medicaid, to be billed for fraudulent claims for prescriptions.

k.      The manner and means by which Amatelli and others sought to accomplish the goal of the conspiracy included, among other things, the following:

    i.      Amatelli obtained the names of other individuals to use on the prescriptions that Amatelli washed and re-wrote.

    ii.     Amatelli used fake identities and the identities of other individuals to fraudulently fill prescriptions that she washed and re-wrote.

    iii.    Amatelli obtained fake identity documents, including a fake New Jersey driver's license, in the name of a former relative, to fill prescriptions that Amatelli washed and re-wrote.  Amatelli also used the Social Security number of her former relative to obtain prescription drugs.

    iv.     Amatelli fraudulently represented herself to pharmacies to be other individuals when picking up prescriptions.

    v.      Amatelli fraudulently represented herself to pharmacies to have authority to pick up prescriptions on behalf of individuals whose identities Amatelli used in furtherance of the conspiracy.

3.      The version of the Guidelines effective November 1, 2023, applies in this case.

4.      The applicable guideline is U.S.S.G. § 2D1.1(a)(5) and (c)(8) because the offense involved a converted drug weight of at least 100 kilograms but less than 400 kilograms. This guideline carries a Base Offense Level of 24.

5.      The adjustment of abuse of trust applies because Amatelli abused her position as a licensed practical nurse at Nursing Facility 1 to commit the offense, resulting in an increase of 2 levels. *See* U.S.S.G. § 3B1.3.

6.      As of the date of this letter, Amatelli has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged.    Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Amatelli's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

7.      As of the date of this letter, Amatelli has assisted authorities in the investigation or prosecution of her own misconduct by timely notifying authorities of her intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Amatelli's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Amatelli enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that Amatelli's acceptance of responsibility has continued through the date of sentencing and Amatelli therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Amatelli's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

8.      If Amatelli establishes at sentencing that she both has no criminal history points and meets the criteria in U.S.S.G. § 4C1.1, she will be entitled to a further 2-level reduction in her offense level.

9.      Whether Amatelli satisfies the criteria prescribed by U.S.S.G. § 5C1.2(a)(1) is yet to be determined.

10.     Within the meaning of U.S.S.G. § 5C1.2(a)(2), Amatelli did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense.

11.     Within the meaning of U.S.S.G. § 5C1.2(a)(3), the offense did not result in death or serious bodily injury to any person.

12.     Whether, within the meaning of U.S.S.G. § 5C1.2(a)(4), Amatelli was an organizer, leader, manager, or supervisor of others in the offense, is yet to be determined.

13.     Whether, within the meaning of U.S.S.G. § 5C1.2(a)(5), Amatelli has truthfully provided to the Government, no later than the time of the sentencing

- 10 -

hearing, all information and evidence she has concerning the offense or offenses that were part of the same course of conduct or a common scheme or plan, is yet to be determined.

14.    Pursuant to U.S.S.G. § 2D1.1(b)(18), if the Court finds that Amatelli satisfies all the criteria prescribed by U.S.S.G. § 5C1.2(a)(1)–(5), a two-level downward adjustment would apply.

15.    Accordingly, the parties agree that, depending upon the sentencing Court's resolution of the open Guidelines issues noted above, the total Guidelines offense level (the "Total Offense Level") applicable to Amatelli is:

        a.    23, if the Court finds that Amatelli does *not* meet the criteria prescribed by U.S.S.G. § 5C1.2(a)(1)–(5) and does *not* meet the criteria described in U.S.S.G. § 4C1.1;

        b.    21, if the Court finds that Amatelli meets the criteria described in U.S.S.G. § 4C1.1 but that she does *not* meet the criteria prescribed by U.S.S.G. § 5C1.2(a)(1)–(5);

16.    19, if the Court finds that Amatelli meets the criteria prescribed by U.S.S.G. § 5C1.2(a)(1)–(5) and the criteria described in U.S.S.G. § 4C1.1.

17.    Each party agrees not to advocate for any term of imprisonment outside the Guidelines range resulting form (a) the Total Offense Level that applies after the sentencing judge resolves the open Guidelines issues noted above and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance.

18.    If the term of imprisonment does not exceed 57 months, and except as specified in the next paragraph below, Amatelli will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 30 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

19.    Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

- 11 -

(a)    Any proceeding to revoke the term of supervised release.

(b)    A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(c)    An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).